IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

RICO PARKER,                              )
                                          )
                Plaintiff,                )
                                          )
        v.                                )        CV 121-025
                                          )
GEORGIA DEPARTMENT OF                     )
CORRECTIONS; MR. EDWARD                   )
PHILBIN, Warden; MS. TAMIKA HARVEY,)
Deputy Warden of Security; MS.            )
MELCHERT, Health Service Administrator;   )
MS. RUTH SHELTON, Deputy Warden of        )
Care and Treatment; and MS. JAQULYN       )
CHAMPION, Food Director,                  )
                                          )
                Defendants.               )

_____

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

_____

Plaintiff, incarcerated at Augusta State Medical Prison in Grovetown, Georgia, was one

of ten prisoners who attempted to join in bringing one lawsuit against Defendants.  See Prince

et al. v. Georgia Dep't of Corr., CV 121-009 (S.D. Ga. Jan. 11, 2021).  Chief United States

District Judge J. Randal Hall dismissed that improperly filed lawsuit without prejudice and

directed the Clerk of Court to file ten separate lawsuits and directed each Plaintiff must submit

his own motion to proceed in forma pauperis ("IFP") or pay the filing fee within twenty-one

days of the Clerk opening a new lawsuit in each prisoner plaintiff's name.  Id., doc. no. 5.  The

Clerk of Court opened the above-captioned case on February 17, 2021, and sent Plaintiff the

requisite IFP form, as well as Judge Hall's Order informing Plaintiff of the twenty-one-day

deadline for returning the form or paying the filing fee.  (Doc. nos. 1, 2.)  The time to respond has passed, and Plaintiff has not submitted an IFP motion or paid the filing fee.  Nor has he provided the Court with any explanation why he has not complied.

## I.        DISCUSSION

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c).  Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned."  Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff's failure to file an IFP motion, pay the filing fee, or even to provide the Court with an explanation for his failure to comply with Judge Hall's Order amounts not only to a failure to prosecute, but also an abandonment of this case.  This is precisely the type of

neglect contemplated by the Local Rules.  Furthermore, because Plaintiff initially tried to proceed IFP in CV 121-009 and never submitted a filing fee in this case, the Court finds that the imposition of monetary sanctions is not a feasible sanction.  In sum, the time to respond has passed, and Plaintiff has not paid the filing fee or submitted an IFP motion as required by Judge Hall's Order.  Therefore,  Plaintiff's case should be dismissed without prejudice.

II.    **CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 19th day of March, 2021, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA